IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**RICHARD D. PERCEFULL**                                                              **PLAINTIFF**

VS.                                    Case No. 04-CV-1022

**CHRIS CLAYBAKER, Mayor of Camden,**
**Arkansas, et al.**                                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Richard D. Percefull brings this lawsuit pursuant to 42 U.S.C. § 1983, against Defendants Chris Claybaker, Mayor of Camden, Arkansas; Sam Steelman; and the Board of Alderman of Camden (collectively referred to as "Defendants"), arising out of the seizure of his boat from Sandy Beach on the Ouachita River. Before the Court is Defendants' Motion for Summary Judgment. (Doc. 20). Percefull has responded. (Doc.23). Defendants have also filed a Reply Brief.[1] The Court finds this Motion ripe for consideration.

**I.     Background**

At the time of the events that give rise to this lawsuit, Percefull owned and operated a bait shop in Camden, Arkansas, near the Sandy Beach Recreational Area on the Ouachita River. Sandy Beach is within the city limits of Camden, and Camden leased Sandy Beach from the United States Army Corps of Engineers.

---

[1] Defendants' Reply Brief attempts to put three new arguments before the Court: (1) Percefull's claims are Precluded by the doctrines of res judicata and collateral estoppell; (2) The doctrine of Parratt v. Taylor, 451 U.S. 527 (1981), bars Percefull's procedural due process claims; and (3) Plaintiff has failed to State a Fourth Amendment claim. These arguments should have been raised in Defendant's Motion for Summary Judgment, but, for whatever reason, they were omitted. By this Court's Order, the parties were given until September 28, 2005, to file their dispositive motions. Defendants will not be allowed to use their reply brief as a tool to circumvent the Court's deadlines and raise arguments that were omitted from their original Motion for Summary Judgment. The Court will not consider the new arguments raised by Defendants' Reply when considering the pending Motion for Summary Judgment.

Percefull also owned a fourteen-foot bass boat which he used to reach his houseboat moored across from Sandy Beach on the west bank of the Ouachita River. On the afternoon of Sunday, May 18, 2003, after a trip on the river, Percefull moored his bass boat to the Sandy Beach overlook. The Mayor of Camden, Chris Claybaker, watched Percefull tie his boat to the overlook. There is a dispute as to what, if anything, was said between Percefull and Mayor Claybaker. Percefull describes himself as a political rival of Mayor Claybaker, and, apparently, he unsuccessfully ran against Claybaker for Mayor of Camden, sometime in the mid-1990s.

On the morning of Monday, May 19, 2003, Mayor Claybaker ordered Percefull's boat removed from the river and deposited in the City of Camden Transfer Station. At the time of the seizure, no statute of the State of Arkansas or Ordinance of the City of Camden authorized the seizure of Percefull's boat. On the afternoon of May 19, 2003, Ricky Vaughn, the Street Superintendent of the Camden Public Works Department, and another unnamed Public Works Department employee went to Sandy Beach to move the boat. Vaughn did not remove the boat that afternoon, because his vehicle was not large enough to tow it. On Tuesday, May 20, 2003, Vaughn returned with a crew from the Public Works Department, put Percefull's boat on a trailer, and moved it to the Camden Transfer Station. The Camden Transfer Station was a former and maybe a present landfill, which is also used to store some city equipment. Vaughn also contacted Boyd Good, of the Camden Police Department, and told him that a bass boat had been taken to the Transfer Station for storage, in case anyone called to inquire about where the boat was located. Percefull reported his expropriated boat stolen to the Camden Police Department on May 22, 2003.

Mayor Claybaker offers several reasons why he ordered the boat seized: (1) the boat was unregistered and uninsured and Percefull did not possess a title for it; (2) the city of Camden hosts an annual function called "Bargin' on the Ouachita," (which was scheduled for May 18, 2003) during which an Army Corps of Engineers inspection barge comes down the Ouachita River and uses the part of the River located by Sandy Beach to back out of the main channel of

the River, under the best conditions the maneuvering of the barge in order to back out of the main channel is difficult, given the dimensions of the area it uses to do so, Percefull's bass boat was directly in the area in which the barge backs out of the channel and had the boat been left in the spot it would have interfered with the operation of the barge, and Percefull's boat would have been destroyed; and (3) the boat looked like it had been abandoned.

After the boat's seizure, Percefull filed two lawsuits in Arkansas state court against Mayor Claybaker. The first lawsuit was filed on July 17, 2003, in the Small Claims Division of the District Court of Ouachita County, in Camden, Arkansas. Mayor Claybaker filed a Motion to Dismiss Percefull's Complaint, the District Court entered an Order transferring the lawsuit to the Civil Division of the Camden District Court, Mayor Claybaker filed a second motion to dismiss (this time for failure to file a timely response to the first motion to dismiss), and the District Court entered an Order of Dismissal, finding Plaintiff had failed to timely respond to the dismissal motions in a timely manner and dismissing the lawsuit.

Percefull's second state court lawsuit was filed sometime in January or February of 2004, in the Circuit Court of Ouachita County, Arkansas, Sixth Civil Division, again against Mayor Claybaker. On February 4, 2004, Mayor Claybaker filed a Motion to Dismiss (based on a failure to fact-plead and sovereign immunity). On February 27, 2004, Percefull filed a Motion for Voluntary Non-Suit Without Prejudice. On March 1, 2004, the Circuit Court entered an order granting Mayor Claybaker's Motion to Dismiss, finding the complaint failed to state facts upon which relief can be granted, and dismissing the Percefull's lawsuit without prejudice.

Percefull filed this lawsuit against Defendants on March 5, 2004, pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages for the violation of his civil rights. Originally, Percefull named the Camden Public Works Department as a Separate Defendant, but this Court dismissed it with prejudice. On September 28, 2005, Defendants filed a Motion for Summary Judgment, which the Court presently considers.

**II.     Discussion**

The standard of review for a motion for summary judgment is familiar and established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); Krenik v. County of Le Sueur, 47 F.3d 953 (8th Cir. 1995).

The Supreme Court has issued the following guidelines to help determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial . . . whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Agristor Leasing v. Farrow, 826 F.2d 372 (8th Cir. 1987); Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund, 800 F.2d 742, 746 (8th Cir. 1986).

The burden of proof is on the moving party to set forth the basis of its motion. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002), citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. Id., citing Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The Eight Circuit Court of Appeals, in Scheer Const. Co. v. Greater Huron Development Corp., 700 F.2d 463, 465 (8th Cir. 1983), quoting Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981), in a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial.

If a plaintiff has the burden of proof at trial on a claim and the defendant has filed a motion for summary judgment, the plaintiff must identify admissible evidence sufficient to make

a submissible case at trial. Celotex, at 323-24. If the plaintiff cannot identify such facts, the defendant is entitled to judgment as a matter of law. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990), quoting Celotex, 477 U.S. at 322).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co.., 475 U.S. at 586. Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248.

Defendants have moved for summary judgment in their favor on each of Percefull's causes of action, and the Court will consider each of Defendants' arguments in turn.

### A. Liability of Separate Defendants Sam Steelman and city of Camden

Percefull has presented no evidence that Steelman was involved in the facts giving rise to this lawsuit in any manner.[2] Accordingly, he is dismissed from this lawsuit. Marchant v. City of Little Rock, 741 F.2d 201, 205 (8th Cir. 1994)(affirming dismissal of individual defendant in § 1983 action where the record indicated defendant was not connected and had no knowledge of the incident). Second, to maintain a constitutional violation claim against a municipality, a plaintiff must establish that it was a policy or custom of the municipality which caused the violation. Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). Percefull argues "the constitutional injury against the Board of Aldermen is that there were no pre or post-deprivation procedures in place and the injury complained of is the denial of procedural due process." Percefull has made no showing that some affirmative policy or custom of the city of Camden caused the constitutional violation, so the Board of Aldermen, city of Camden, and Mayor Claybaker in his Official Capacity are properly dismissed from this lawsuit, leaving only Mayor Claybaker in his individual capacity as a Defendant.

---

[2] See Defendants' Statement of Undisputed Facts ¶ 21: "Sam Steelman, the Director of the Public Works Department, did not learn of the boat's removal until several days after the boat was taken to the Transfer Station." Exhibit 1: Deposition of Plaintiff, p. 148; Exhibit 3: Deposition of Ricky Vaughn, p. 9; Exhibit 7: Sam Steelman, pp. 4-6.

### B. Qualified Immunity for Mayor Claybaker

Whether a defendant is entitled to qualified immunity is a question of law. Duffy v. Wolle, 123 F.3d 1026, 1035 (8th Cir. 1997). Governmental officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The test for qualified immunity involves an objective inquiry. Id. at 815-819. In the context of a summary judgment motion, the Court must engage in a three-step analysis: (1) whether the plaintiff has asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiff, there are no genuine issues of material fact as to whether a reasonable official would have know that the alleged action violated the right. Burnham v. Ianni, 119 F.3d 668, 673-674 (8th Cir. 1997)(en banc).

Percefull has asserted a violation of his constitutional rights against unreasonable searches and seizures and of due process. With respect to Percefull's procedural due process claim, closely analogous cases from this circuit have held that an automobile owner is entitled to meaningful post-deprivation notice following the state's seizure of the vehicle. See Coleman v. Watt, 40 F.3d 255, 260 (1994)(recognizing in cases involving the impoundment of vehicles, courts have uniformly found due process requires, at a minimum, a prompt hearing before an impartial decisionmaker). Although procedural due process requires it, Percefull was never given any notice or opportunity for a hearing either before or after the seizure of his boat.[3] In fact, no ordinance of the city of Camden specifically authorized the seizure of Percefull's boat, and the evidence suggests Mayor Claybaker was acting pursuant to little more than his executive

---

[3] An exception to the pre-seizure notice requirements exist when an important public interest is at stake and early notice is impracticable. Apparently, without expressly saying so, the Defendants believe Mayor Claybaker's actions fit within this exception, because he needed to move Percefull's boat to make room for the "Bargin' on the Ouachita" Army Corps Barge. The factual record on this point is undeveloped at this stage, and the Court is unwilling to grant summary judgment based on this exception.

-6-

fiat when he ordered the seizure.

With respect to Percefull's claim that Mayor Claybaker violated his Fourth Amendment right against unreasonable searches and seizures, Defendants have not advanced an argument as to qualified immunity on Percefull's Fourth Amendment claim in their motion for summary judgment. The Court does note that it is well-settled that a seizure carried out without judicial authorization is per se unreasonable unless it falls within a well-defined exception to this requirement. See Dixon v. Lowery, 302 F.3d 857, 862 (8th Cir. 2002). Also, it is worth noting that when there is a genuine dispute as to the predicate facts material to the qualified immunity issue, there can be no summary judgment. Ludwig v. Anderson, 54 F.3d 465, 474 (8th Cir. 1995). Many of the predicate facts underlying Mayor Claybaker's Fourth Amendment and procedural due process qualified immunity are at issue. Mayor Claybaker has offered at least three separate reasons for the seizure of Percefull's boat. Genuine issues remain as to whether Mayor Claybaker is entitled to qualified immunity, so summary judgment will be denied on this point.

        **C.**        **Parratt/Hudson Doctrine and Percefull's Procedural Due Process Claims**.

Defendants argue Percefull's claim is not ripe for adjucation and cites the Court to a number of cases where courts have refused to find a cause of action under § 1983 where a plaintiff alleges a taking of his property by the state without due process without first attempting to avail himself of the state mechanisms for compensation. This argument is wholly misplaced. Percefull is not making a claim under the takings clause of the Fifth Amendment to the Constitution, he is making a procedural due process claim under the Fourteenth Amendment. Perhaps Defendants were attempting to invoke the rule of Paratt, 451 U.S. 527 (establishing that where deprivations of property interests are random and unauthorized and it is therefore impossible for the state to provide a meaningful predeprivation hearing, due process is satisfied by the existence of an adequate postdeprivation state remedy) but because Defendants have not fully briefed or argued this issue in their Motion, Defendants are not entitled to summary

judgment. Even if we were to decide this issue by invoking the Parratt doctrine, the summary judgment evidence contains genuine questions as to whether Mayor Claybaker could have feasibly provided a predeprivation hearing before taking Percefull's boat and whether there was a need to quickly remove the boat sufficient to excuse a hearing prior to the boat's impoundment. See Gentry v. Lee's Summit, City of Missouri, 10 F.3d 1340 (8th Cir. 1993), quoting Zinermon v. Burch, 494 U.S. 113, 127 (1990)(recognizing the proper inquiry under Parratt is whether the state feasibly can provide a predeprivation hearing before taking the property, which it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking). Percefull's procedural due process claims will proceed as against Mayor Claybaker.

### D. **Substantive Due Process**

The due process clause of the Fourteenth Amendment encompasses three kinds of federal claims enforceable through 42 U.S.C. § 1983: (1) claims for the deprivation of certain specific rights denoted in the Bill of Rights and made applicable to the states through incorporation; (2) claims under the substantive component of the due process clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them'"; and (3) claims under the procedural component of the due process clause that prohibits the deprivation of life, liberty, or property without fair procedure. Karen M. Blum & Kathryn R. Urbonya, Section 1983 Litigation 13-1 (2005), citing Zinermon, 494 U.S. at 124. It is worth noting that when a § 1983 plaintiff asserts a violation of a right specifically identified in the Bill of Rights, the state law remedies provided are irrelevant, because the violation is complete at the time of the challenged conduct. Id., citing Zinermon at 125.

Some of the confusion is created by the wording of Percefull's Complaint. The Title of Percefull's Complaint reads "Complaint for Violation of the United States Constitution's Fourth Amendment Prohibitions of Illegal Seizure, and the Substantive and Procedural Violation of the Fourteenth Amendment's Due Process Guarentee." Under the "Causes of Action," heading, are the subheadings "Fourth Amendment Violation," "Substantive Due Process Violation," and

"Procedural Violation of Due Process." Now it appears taht Percefull is arguing that his substantive due process claim is merely a vehicle for his allegation that Defendants violated the text of the Fourth Amendment to the constitution, prohibiting unreasonable seizures. In other words, Percefull's § 1983 claim falls under the Zimmermon category (1) and not category (2). The Court agrees with Defendants to the extent that Percefull has not shown that he is asserting a claim under the substantive component of the due process clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them'." On the other hand, Percefull may assert his Fourth Amendment claim using § 1983. See County of Sacremento v. Lewis, 523 U.S. 833, 843 (1998)("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth . . . Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.")

The Fourth Amendment's prohibition against unreasonable searches and seizures applies to the states through the Fourteenth Amendment. Soldal v. Cook County, Illinois, 506 U.S. 56, 61 (1992). The Fourth Amendment's protections apply to both civil and criminal proceedings. Id. In the context of the Fourth Amendment, a seizure of property occurs whenever there is "some meaningful interference with an individual's possessory interest in that property." Johnson v. Outboard Marine Corporation, 172 F.3d 531 (8th Cir. 1999). The fact that Percefull's boat was seized cannot be in dispute. However, because Defendants do not address Plaintiff's Fourth Amendment claim in its Motion for Summary Judgment, the Court will not pass on its propriety at this stage of the litigation.

As the Court stated earlier, Percefull has failed to state a substantive due process claim outside of his procedural due process claim and his Fourth Amendment claim. Summary judgment on that point is appropriate.

### E. Legislative Immunity

Defendants finally argue that Mayor Claybaker is entitled to legislative immunity for his actions. Legislators are protected by absolute immunity for actions taken in their legislative capacity. Brown v. Griesenauer, 970 F.2d 431 (8th Cir. 1992). The Court finds it difficult, even under the functional approach used to analyze immunity law, to conceive how Mayor Claybaker's actions in seizing Percefull's boat could be characterized as legislative in nature (or how he was acting in a legislative capacity). Mayor Claybaker is not entitled to legislative immunity.

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment is **granted in part** and **denied in part**. Separate Defendants Sam Steelman, and the Board of Alderman of Camden, Arkansas, are hereby dismissed from this lawsuit with prejudice. Further, Plaintiff's Claims against Separate Defendant Chris Claybaker, Mayor of Camden, Arkansas, in his official capacity are dismissed with prejudice. This lawsuit will proceed to trial as against Mayor Claybaker in his individual capacity for Plaintiff's claims of violations of his Fourth Amendment rights and his Fourteenth Amendment right to procedural due process. To the extent Plaintiff stated a claim arising under the substantive component of the Fourteenth Amendment, it is hereby dismissed with prejudice.

**IT IS SO ORDERED** this 24th day of October, 2005.

    /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    U.S. District Judge