IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICHARD D. PERCEFULL                                                                    PLAINTIFF

V.                                          CASE NO. 04-CV-1022

CHRIS CLAYBAKER, Mayor of Camden,
Arkansas                                                                                DEFENDANT

### MEMORANDUM OPINION

Before the Court is Defendant Chris Claybaker's Second Motion for Summary Judgment. (Doc. 53). Plaintiff Richard Percefull has responded. (Doc. 56). Claybaker has filed a reply. (Doc. 64). The Court finds this motion ripe for consideration.

### I. BACKGROUND

On March 5, 2004, Percefull brought this lawsuit against Claybaker[1], the Mayor of Camden, pursuant to 42 U.S.C. § 1983. This lawsuit stems from Mayor Claybaker's seizure of Percefull's boat from the Ouachita River, and Percefull alleges that the seizure was unlawful and that it violated his substantive and procedural due process rights.

Percefull owned a fourteen-foot bass boat, and he used this boat to access his houseboat moored across from Sandy Beach on the west bank of the Ouachita River. On May 18, 2003, Percefull moored his bass boat to the Sandy Beach overlook. On May 19, 2003, Mayor Claybaker ordered Percefull's boat to be removed from the river and to be transported to the City of Camden Transfer Station. On May 20, 2003, some employees from the Public Works

---

[1] Percefull originally brought this action against Claybaker and other named defendants, but the Court has dismissed all defendants except Claybaker. *See Percefull v. Claybaker*, No 04-CV-1022 (W.D. Ark. Oct. 24, 2005). In the same order, the Court limited Percefull's claims to a Fourth Amendment claim and Fourteenth Amendment procedural due process claim against Mayor Claybaker in his individual capacity only. *Id*.

Department carried out Claybaker's orders regarding the boat. Mayor Claybaker offered multiple reasons[2] as to why he ordered the boat seized; however, Mayor Claybaker admitted that, at the time of the seizure, no Arkansas statute or Camden city ordinance authorized him to seize the boat. At some point after the bass boat was seized, Percefull's houseboat sunk.

After the bass boat's seizure, Percefull filed two lawsuits in Arkansas state court against Mayor Claybaker. The first lawsuit was filed on July 17, 2003, in the Small Claims Division of the District Court of Ouachita County. Mayor Claybaker filed a motion to dismiss Percefull's complaint, and the District Court entered an order transferring the lawsuit to the Civil Division of the Camden District Court. Mayor Claybaker then filed a second motion to dismiss for failure to file a timely response to the first motion to dismiss, and the District Court entered an order dismissing the case on this basis.

Percefull filed his second state court lawsuit against Mayor Claybaker in January or February 2004, in the Circuit Court of Ouachita County.[3] Mayor Claybaker filed a motion to dismiss based on a failure to fact-plead and sovereign immunity. On February 27, 2004, Percefull filed a motion for voluntary non-suit without prejudice. On March 1, 2004, the Circuit Court entered an order granting Mayor Claybaker's motion to dismiss, finding that the complaint

---

[2] One reason Mayor Claybaker gave for ordering the boat removed was that the boat was unregistered and uninsured and Percefull did not possess a title for it. Another reason, according to Mayor Claybaker, was that the city of Camden hosted an annual function called "Bargin' on the Ouachita," which was scheduled for May 18, 2003, during which an Army Corps of Engineers inspection barge would come down the Ouachita River and use the part of the river located by Sandy Beach to back out of the main channel of the river. Percefulls's bass boat was directly in the area that the barge would use to back out of the channel and, if left there, would have interfered with the operation of the barge and would have been destroyed. Another reason for ordering the removal of the boat was that the boat looked like it had been abandoned.

[3] In this opinion, the Court will refer to this state court action as *Percefull I*.

failed to state facts upon which relief could be granted. The complaint was dismissed without prejudice. In March 2004, Percefull filed a suit against Mayor Claybaker in this Court, seeking compensatory and punitive damages for the loss of his houseboat and for the illegal seizure of his bass boat. Mayor Claybaker has filed a Second Motion for Summary Judgment, which the Court will now consider.

## II. STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

Mayor Claybaker has moved for summary judgment on three separate bases: (1) Percefull's claims are barred by res judicata and collateral estoppel, (2) Percefull has failed to establish the requisite elements of a procedural due process claim, and (3) Percefull had an adequate state court remedy available to him for his Fourth Amendment claim. The Court will consider each of Mayor Claybaker's arguments in turn.

### III. DISCUSSION

First, Mayor Claybaker argues that Percefull's § 1983 claims are barred by the doctrines of res judicata and collateral estoppel.[4] The doctrine of collateral estoppel, or issue preclusion, prevents the re-litigation of an issue identical to one actually litigated in a previous action. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 939 (8th Cir. 2000). If the disputed issue has not been actually litigated and decided in the previous action, then collateral estoppel does not apply. *Id*. Here, Percefull filed a tort claim in his previous state court action and did not pursue his federal claims in that action, so the state court never had an opportunity to decide the federal claims. Thus, collateral estoppel does not apply to the present case before this Court.

The Court will now examine Mayor Claybaker's res judicata, or claim preclusion, argument. The preclusion principle of res judicata works to bar the relitigation of a claim on grounds that were raised or could have been raised in the prior suit. *Banks v. Int'l Union*

---

[4]Here, the Court wishes to make an appropriate point about terminology. The term "res judicata," in its broad sense, encompasses both issue preclusion and claim preclusion. *Lane v. Peterson*, 899 F.2d 737, 741 n.3 (8th Cir. 1990). However, the term "res judicata" is now often used to refer only to claim preclusion and not collateral estoppel, which is also known as issue preclusion. *Id*. Many courts refer to res judicata and collateral estoppel as separate principles, the former referring only to claim preclusion and the latter referring only to issue preclusion. *Id*. In this opinion, the Court uses the term res judicata in its narrow definition that refers only to claim preclusion.

*Electronic, Electrical, Technical, Salaried and Machine Workers*, 309 F.3d 1049, 1052 (8th Cir. 2004). The Court undertakes a three-part inquiry to determine whether res judicata applies: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. *Id*. Here, there is no dispute that the first requirement is met. However, there is a dispute between the parties regarding whether the second and third requirements are satisfied here.

Percefull argues that the state court's dismissal of *Percefull I* was not a final judgment on the merits. Percefull asserts that the dismissal of his claim by the state court was based on sovereign immunity grounds.[5] However, the February 6, 2004 dismissal order specifically states that the Court found "that the complaint fails to state facts upon which relief can be granted," and Percefull never appealed this order. (Doc. 55-4). It is well-established that a dismissal for failure to state a claim upon which relief can be granted is a judgment on the merits for res judicata purposes unless the plaintiff is granted leave to amend.[6] *U.S. v. Maull*, 855 F.2d 514, 516–17 (8th Cir. 1988) (citing *Carter v. Money Tree Co.*, 532 F.2d 113, 115 (8th Cir. 1976)); *see also Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992); *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987). Thus, Percefull's argument that the state court's dismissal of his claim was not a

---

[5]Mayor Claybaker actually filed two motions to dismiss in *Percefull I*. One motion was based on Arkansas Rule of Civil Procedure 12(b)(1), lack of jurisdiction over the subject matter. The other motion to dismiss was based on Arkansas Rule of Civil Procedure 12(b)(6), failure to state a facts upon which relief can be granted. As best the Court can tell, Percefull did not respond to either motion. Percefull, however, did file a Motion for Voluntary Nonsuit Without Prejudice, and the state court never ruled on that motion.

[6]In *Percefull I*, the state court did not grant leave to Percefull to amend his complaint. In fact, Percefull never attempted to amend his complaint.

final judgment on the merits is incorrect.

The Court now moves to the third requirement in determining whether res judicata applies, which is whether the same cause of action and the same parties were involved in both actions. In determining whether the two causes of action are the same for purposes of res judicata, the Eighth Circuit Court of Appeals has adopted the position of the Restatement (Second) of Judgments. *Banks*, 390 F.3d at 1052; *Lane*, 899 F.2d at 742. The Restatement (Second) of Judgments provides:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any party of the transaction ... out of which the action arose.

Restatement (Second) of Judgments § 24. In summary, under this approach, a claim is generally barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim. *Banks*, 390 F.3d at 1052; *Lane*, 899 F.2d at 742.

The Court finds that *Percefull I* and the present action arose out of the same nucleus of operative facts[7], and Percefull does not dispute this fact in his brief. Instead, Percefull erroneously argues that the cause of actions are not the same because he did not litigate any constitutional claims or pursue any federal questions in *Percefull I* as he does in the present action. Percefull further argues that he did not have a full and fair opportunity to litigate his federal claims because he never raised his federal claims in *Percefull I*. However, it was Percefull's own choice that kept his federal claims from being heard in the state court action, and

---

[7]The Court thinks it indisputable that *Percefull I* and this case present the same claim for res judicata purposes. The cases involve precisely the same nucleus of operative facts. The gist of all of the claims in this case and those in *Percefull I* is that Mayor Claybaker wrongfully removed or seized Percefull's boat from the Ouachita River.

nothing else prevented him from bringing his constitutional claims before the state court. The law certainly did not require that Percefull bring his federal claims before the state court; however, for practical purposes, the doctrine of res judicata practically requires Percefull to have done so by acting to bar his federal claims in later actions. *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987). Percefull overlooks the fact that he had a full and fair *opportunity* to raise these federal claims in state court, and he failed to do so. Thus, the Court finds that, for purposes of res judicata, the same cause of action and the same parties were involved in both *Percefull I* and the present case.

The Court finds that all three requirements for determining whether res judicata applies have been met in this case. It follows that Percefull's present claims are barred by the doctrine of res judicata because the claims should have been asserted in *Percefull I*. Thus, Mayor Claybaker is entitled to summary judgment. Because the Court finds that this case is barred by the doctrine of res judicata, it is not necessary for the Court to address Mayor Claybaker's two remaining arguments in favor of summary judgment.

## IV. CONCLUSION

For reasons discussed herein and above, the Court finds that Defendant Claybaker's Motion for Summary Judgment should be and hereby is **GRANTED**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 23rd day of July, 2007.

                                              /s/Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge